UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE: Bradley Alan Harrison                                                                CASE NO. 18-51317
170 Thoroughbred Way
Berea, KY 40403

DEBTOR(S)                                                                                                        CHAPTER 13

## DEBTOR'S PROPOSED STIPULATIONS, BRIEF OF DEBTOR, STATEMENT REGARDING AFFIDAVITS, WITNESS AND EXHIBITS LIST

### DEBTOR'S PROPOSED STIPULATIONS

1. The current hearing comes before the Court based upon an Amended Chapter 13 Plan filed by the debtor, Document 54.

2. UK Federal Credit Union (UKFCU) filed an objection to the amended plan of the debtor, Document 94, where they alleged that the debtor had failed to surrender a 2017 Polaris RZR 900, VIN 4XAVCE879HB682556 ( the "collateral") and that the debtor had not proposed the plan in good faith.

3. The Debtor testified at the 2004 examination by the creditor UKFCU, that he worked out of state for most of the time in the construction industry.

4. The Debtor testified at the 2004 exam that he was contacted by a repossession company seeking to recover the collateral, but then was notified by them that there was a "stop" put on the repossession order by UKFCU.

5. After counsel informed him that UKFCU was still trying to regain the collateral, the debtor, since he was almost always out of state for work, made the collateral available for repossession at his residence by sitting the collateral next to his house with the keys left in the cupholder for the repossession company to pick up on behalf of UKFCU.

6. When the debtor returned from out of state some time thereafter, the collateral was gone, and he presumed that it was finally repossessed by UKFCU.

7. Then counsel for UKFCU appeared in court again and asserted that they had not recovered the collateral and that the debtor had failed to surrender the collateral according to the amended plan.

8. The debtor, then fearing and realizing for the first time that the collateral may have been stolen, made a police report with the Madison County Sheriff, reporting the collateral as stolen.

9. The debtor, in good faith, made every effort to surrender the collateral back to the creditor and when he found out that UKFCU were still asserting they hadn't recovered it, he reported it as stolen in effort to protect the creditors interest in the collateral,

10. The debtor, in his amended plan, also proposed to surrender a 1997 Baja Boat (the "boat") which secured a claim held by Citizens Guaranty Bank. (Claim No. 1-1). The debtor listed the boat in his bankruptcy as having a value of $10,000.

11. The debtor testified at the 2004 examination that the boat was not held in his possession and that his mother was a cosigner as scheduled in his petition and that his mother had taken over payments on the boat to the satisfaction of the creditor, Citizens Guaranty Bank.

12. The debtor testified at the 2004 examination that he never had a real intent to sell the boat for $35,000.00 and that his mother had asked him to post it on social media to gauge what the boat is worth in today's market.

13. The debtor testified that he never got any legitimate offers on the boat and that he had sincere questions if the boat was even worth $10,000.00, based upon its age and condition, being that it's 22 years old.

14. The debtor further testified that his mother had the boat in storage and that he did not have possession of the boat.

15. The debtor proposed surrendering the boat in the amended plan in good faith, did not retain possession of the boat and the payment had been assumed by a cosigner.

16. The objecting party, UKFCU, failed to initiate Joint Stipulations with debtor's counsel as required by Order of this court, so the debtor has proposed his stipulations to be adopted by the Court instead.

## **BRIEF OF THE DEBTOR**

The Debtor proposed the amended plan in good faith and made every effort to surrender possession of the collateral to UKFCU. The Debtor also did not have possession of the boat and a cosigner, his mother, had maintained payments on the boat to the satisfaction of the creditor, Citizens Guaranty Bank. The debtor made every reasonable effort to get the collateral back to UKFCU, and when he was informed that UKFCU still hadn't recovered it, he made a police report with the Madison County Sheriff.

Debtor's effort to surrender the collateral wasn't illusory as alleged by UKFCU and they seem to impermissibly place a high burden on the debtor that is not reasonable and in accordance with the law. "Put simply, surrender under 1325 requires at a minimum the surrender of all of the rights that the debtor has." *In re Ware*, 533 B.R. 701, 712 (Bankr. N.D. Ill. 2015).

There is no evidence in the record that the debtor sought to deprive UKFCU of their interest in the collateral and yet ample evidence pursuant to his testimony at the 2004 exam that he made every effort possible. When the debtor was out of state for most of the time working in construction, he sought to enable UKFCU to recover the collateral by discussing the matter with the repossession company and then ultimately parking the collateral next to his house and leaving the keys in the cupholder. "At the very least, the debtor must not stand in the way of the secured creditor taking possession of the property, must not retain any rights to the property, and must at all times act in good faith." *Id*. The debtor has met his burden of good faith as to his amended plan and has made every reasonable effort to enable UKFCU to recover the collateral.

## STATEMENT REGARDING AFFIDAVITS

The debtor gave his sworn testimony pursuant to the 2004 exam brought by counsel for UKFCU. The exam was transcribed by a court reporter apparently hired by UKFCU and their counsel. A transcript of the 2004 exam has not been made available to the Court and to undersigned counsel to the best of counsel's knowledge. In lieu of an affidavit of the debtor, debtor would propose to use his testimony at the 2004 exam for consideration by the Court as evidence in this matter.

## WITNESS LIST

Debtor will testify orally at the hearing for rebuttal testimony only. The debtor has no expert witnesses to call.

## EXHIBIT LIST

The Debtor doesn't seek to introduce any exhibits as evidence to the Court in this matter, but relies upon his testimony at the 2004 exam and the Stipulations he has put forth herein.

Respectfully Submitted,

/s/ Chadwick B. Hammonds
Chadwick B. Hammonds
Counsel for Debtor(s)

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and accurate copy of the foregoing was this the 22nd day of August, 2019, served by mailing a copy via first-class mail, postage prepaid upon the creditor below and served upon the Chapter 13 Trustee and the U.S. Trustee electronically:

/s/ Chadwick B. Hammonds
Chadwick B. Hammonds

UKFCU
c/o Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507